IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| MELISSA TYSON | )( | |
| | )( | |
| Plaintiff | )( | |
| | )( | |
| VS. | )( | CIVIL ACTION NO._____ |
| | )( | |
| COUNTY OF SABINE and SABINE | )( | |
| COUNTY SHERIFF'S DEPARTMENT, | )( | |
| CONSTABLE DAVID BOYD | )( | |
| | )( | |
| Defendants | )( | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE U. S. DISTRICT JUDGE:

NOW COMES Plaintiff MELISSA TYSON, filing this Plaintiff's Original Complaint, complaining of Defendants COUNTY OF SABINE and SABINE COUNTY SHERIFF'S DEPARTMENT, and CONSTABLE DAVID BOYD and for cause of action would respectfully show the Court as follows:

**A. Parties**

1.  Plaintiff MELISSA TYSON, is a resident of Hemphill, Sabine County, Texas.

2.  Defendant, COUNTY OF SABINE, can be served by serving citation and process on its County Attorney, Mr. Robert G. Neal, Jr., at 201 Main Street, Hemphill, TX 75948.

3.  Defendant, SABINE COUNTY SHERIFF'S DEPARTMENT, can be served by serving citation and process on its administrative head, Thomas N. Maddox, at P. O. Box

848, Hemphill, Texas  75948 by Certified U. S. Mail, Return Receipt Requested.

4. Defendant, CONSTABLE DAVID BOYD (also referred to as DEPUTY BOYD, herein),  Individually and in his official capacity, can be served by serving citation and process at P. O. Box 219, Hemphill, Texas  75948 by Certified U. S. Mail, Return Receipt Requested.

## B. Jurisdiction and Venue

5. This action is brought to remedy violations of federal law; specifically, violations of 42 U.S.C. § 1983 and other federally protected constitutional rights. This action is also brought to remedy intentional torts committed by sexual assault and the threat of bodily injury.

6. Jurisdiction of this Court is proper under the federal statutes set forth above. Venue is proper because the unlawful violations of the Plaintiff's federally protected constitutional rights and the assault alleged in this complaint were committed within the jurisdiction of the United States District Court, Eastern District of Texas, Beaumont Division.

## C. Facts

7. Plaintiff re-alleges and incorporates by reference each allegation contained above and further alleges as follows.

7.a    On or about September 18, 2018, Plaintiff's husband contacted the Sabine County Sheriff's to request a wellness check on his wife. Mr. Tyson was away working, and he and Plaintiff had previously had an argument on the phone. Plaintiff was not answering his phone calls as a result of the verbal disagreement. He requested this check given he had been away on business and knowing that his wife was alone at their some-

what rural residence. Constable Boyd, at that time working as a Sheriff's Deputy, either took the call or otherwise became engaged in the situation. Deputy Boyd attempted phone contact with the Plaintiff and was successful. Plaintiff was obviously upset from her argument with her husband. During the conversation via telephone, Deputy Boyd spoke with Plaintiff for an extended period of time. During the conversation, he immediately relayed that he was a Sheriff deputy and preacher and attempted to gain the trust and confidence of the Plaintiff. He cancelled dispatch of an officer to the home (Plaintiff overheard him do so during the conversation) and, at the conclusion of the call, advised that he would stop by the next day to "check up" on the Plaintiff.

       7.b   On or about September 19, 2018, Deputy Sheriff David Boyd went to the residence of Plaintiff.  Deputy Boyd approached and identified himself as a Deputy with the Sabine County Sheriff's Department.  Deputy Boyd was wearing a black t-shirt with the word "Sheriff." Based upon the call the day previous and his follow up appearance that day, Deputy Boyd was clearly operating under the color of law.  Plaintiff met Deputy Boyd in the driveway, and their discussion from the day before continued. During the entire conversation, Deputy Boyd masterfully continued his manipulation of the situation while simultaneously continuing to attempting to gain Plaintiff's trust and exert influence. Deputy Boyd talked and talked but began to act strangely.  As the two approached the front porch, he appeared to search the exterior of the home, at which point Plaintiff realized that he was searching for security cameras.  Deputy Boyd even suggested Plaintiff some cameras.  After speaking for some time, Plaintiff offered Deputy Boyd a bottle of water. He accepted, and she went in to her home to retrieve the water. Without invitation, or provocation, Deputy Boyd followed Plaintiff in to her home. At that point,

Deputy Boyd noticed a marijuana pipe sitting out on a table. The Deputy advised Plaintiff that he had a duty to report the incident and file criminal charges against her for having drugs or drug paraphernalia.

      7.c    Plaintiff was obviously still in an emotional state from the argument with her husband when Deputy Boyd arrived. Deputy Boyd, sensing that Plaintiff was vulnerable and scared at the threat of charges (on top of her already emotional state), he began discussing inappropriate scenarios with the Plaintiff. He asked if she was interested in a threesome with his wife. He recounted seeing her the previous day at a local Mexican restaurant and mentioned how he and other officers were impressed with her body (among other things). At this point, he even called his wife, put her on speaker phone, and discussed more absurd and inappropriate sexual conduct. He asked his wife if she "would like a big titted red head." This all from a man who purports to be a preacher and an officer of the law, and the day before slyly used these facts to gain the trust of Plaintiff. Deputy Boyd then ordered Plaintiff to expose herself.  A mix of emotion welled within Plaintiff at this point, and she ultimately complied fearing the threat of arrest and criminal charges (or worse) if she did not do as he instructed.

      7.d  Deputy Boyd then proceeded to expose himself and masturbate in front of Plaintiff. He then ejaculated on Plaintiff's porch. Post-ejaculation, Deputy Boyd packed up and was on his way. However, he continued to exert fear tactics over the Plaintiff. Knowing her husband was out of town, he continued to slowly patrol by her house each day for several days while at the same time sending text messages to the Plaintiff.

      7.e   This encounter was extremely disconcerting and emotionally taxing on the Plaintiff. She immediately began treatment with her mental health professional. Despite

her fear, she advised her husband of what had occurred, and they reported the incident to the Texas Rangers. The Texas Rangers began an investigation of the incident. Although Deputy Boyd immediately denied the incident, the Texas Rangers were able to confirm his ejaculate on the porch through DNA evidence. As a result, Constable Boyd has been and remains on administrative leave from Sabine County.

      7.f  Deputy Boyd's actions and omissions as an Officer of Sabine County, as stated above, were wholly unreasonable in light of all facts and circumstances surrounding the event.  These unreasonable and perverted acts and omissions were caused wholly by the Defendants' failure to property hire, train, educate, and supervise its officers. More specifically, the Sabine County Sheriff's Department and Sabine County itself have acted with conscious indifference toward Deputy Boyd and his violative behavior. The tactics Deputy Boyd used to intimidate and violate Plaintiff were excessive, unnecessarily brutal, cruel, and unusual and Defendant's actions and/or inactions constitute negligence, gross negligence, and a violation of her civil rights and liberties protected by the Texas Constitution and U. S. Constitution.

      7.g  Constable Boyd is a sexual predator of the worst kind, a wolf in sheep's clothing. He operates dually under the authority of the badge and the cloth, but meanwhile has been engaged in a longtime campaign of sexual perversion and proclivity often targeting victims who are already vulnerable either emotionally, financially, or due to their legal situation. Prior to the incidents alleged herein, numerous formal complaints about Boyd and his conduct have been lodged about Boyd in Sabine County and at a minimum, rumors of this conduct have swirled for years. Unfortunately, the Sabine County Sheriff's Office and Sabine County officials were aware of Boyd's reign of sexual terror on

the community and stood idly by and did nothing. Plaintiff is aware of several similar incidents involving Deputy Boyd, but still nothing was done to stop this behavior.  Jailers at Sabine County Sheriff's Office were advised of Deputy Boyds harassment towards others in May of 2018.  *See attached Exhibit "A."*   Further, officials in the Sabine County did nothing. Prior to the incident involving Plaintiff, complaints to the Sheriff's Office and local District Attorney's office had been made about Boyd which all entailed him using his authority to force sexual favors, pornography, and even prostitution. *See Exhibits "A" and "B" attached hereto.*  This official oppression is exponentially disgusting given the leaders of the District Attorney's Office and Sheriff's Office knew, or reasonably should have known of, Boyd's reign of terror but did nothing about it. At a minimum, Sabine County officials knew of other instances of harassment by June 4, 2018, after receiving a detailed complaint from another Sabine County citizen who had been subject to Boyd's reign of terror.  *See attached Exhibit "A."*  Perhaps this complicity existed because of the "good ol' boy" network that exists in Sabine County and/or is supported by the fact that Boyd's brother is the County Judge in neighboring San Augustine County. Either way, at a minimum, this conduct amounts to the implementation of a tacit policy or custom of allowing sexual predators and unlawful predatory activity to exist in and among the Sheriff Deputies at the expense of the basic human dignity and the constitutional rights of the Plaintiff (and all citizens of Sabine County).

### **D. Count One - 42 U.S.C. § 1983**

8.     Plaintiff re-alleges and incorporates by reference each allegation contained above and further alleges as follows.

8.a   Defendants are a "person" under 42 U.S.C. § 1983, 42 U.S.C. § 1988, and the 4th, 8th and 14th Amendments to the United States Constitution.

8.b   Defendants, acting under color of State law, subjected Plaintiff and caused Plaintiff to be subjected to violations of her civil and constitutional rights, including excessive and unnecessary force and cruel and unusual punishment.  Plaintiff was subjected to such excessive and unnecessary force and cruel and unusual punishment by a Sheriff's department with constitutionally inadequate hiring, training, and supervision. Moreover, a custom of deliberate indifference existed as to Deputy Boyd and his constant sexual predatory conduct toward the women, and possibly men, of Sabine County. Despite formal complaints both verbally and in writing, *prior* to the incident involving Plaintiff, and investigative efforts by the Sabine County District Attorney's office for similar conduct *prior* to the incident involving Plaintiff, Deputy Boyd was allowed free reign to sexually harass and assault Plaintiff and all those in his path while operating as a county employee.

8.c   Moreover, Defendants' policies and procedures regarding investigation of legitimate complaints against officers and action based upon information discovered as a result of said complaints were constitutionally inadequate and/or non-existent. More specifically, Defendants maintain a tacit policy or custom of allowing officers, namely Constable Jeff Boyd, to continue to engage the public, and act as a sexual predator protected by the power of the badge, despite credible evidence of similar past wrongdoing. This policy of deliberate indifference and inaction coupled with inadequate hiring and supervision practice not only flies in the face of dignity and good taste, but has resulted in the violation of Plaintiff's constitutional rights and caused serious injury and harm.

8.d     To the extent that said policies existed at all, Defendants did not adequately train and supervise and enforce said policies.

8.e     These actions, conduct, and/or deficiencies set out above, individually and/or collectively, were a proximate cause of the violations against Plaintiff, at the hands of Defendants and its law enforcement officers, same causing damages and harm to Plaintiff.

### E. Count Two - Negligence in Proprietary Activity

9.      Plaintiff re-alleges and incorporates by reference each allegation contained above and further alleges as follows.

9.a     Defendants were negligent in their proprietary activities and functions, including the hiring, training, and supervision of the deputies, including Deputy Boyd, resulting in the damages against Plaintiff.

9.b     Said negligence was a proximate cause of damages and harm to Plaintiff.

### F. Attorney's Fees

10.     Plaintiff seeks reasonable and necessary attorney's fees under inter alia 42 U.S.C. § 1988.

### G Interest

11.     Plaintiff also seeks prejudgment and post-judgment interest.

### H. Damages

12.     Based on the facts stated above and the causes of action asserted herein, Defendants are liable to Plaintiff for actual, exemplary and compensatory damages, same which greatly exceed the minimum jurisdictional levels of this Court and for which Plaintiff hereby sues.

WHEREFORE, PREMISES CONSIDERED, Plaintiff herein complains of Defendants, and pray that Defendants be cited to appear and answer, and that on a final trial on the merits, Plaintiff recover from Defendants the following:

a. Actual damages;

b. Reasonable and necessary attorney's fees;

c. Exemplary or punitive damages;

d. Prejudgment interest;

e. Post-judgment interest;

f. Costs of court; and

g. All other relief, either at law or in equity, to which Plaintiff may show herself to be justly entitled to receive.

Respectfully submitted,

**THE BYRD LAW FIRM**

*[signature]*

_____
JASON M. BYRD
State Bar No. 24036303
448 Orleans Street
Beaumont, TX  77701
(409) 924-0660 – Telephone
(409) 924-0035 – Facsimile
Jason@txbyrd.com
COUNSEL FOR PLAINTIFF